**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**

APR - 1 2008

**Alexandria Division**

| | | |
|---|---|---|
| Leonard R. Brown, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **1:07cv445 (GBL/TRJ)** |
| | ) | |
| Gene M. Johnson, | ) | |
| Respondent. | ) | |

<u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on respondent's Motion to Dismiss Leonard Brown's

<u>pro se</u> petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. This case

concerns Brown's challenge to the validity of his convictions in the Circuit Court for the City of

Richmond, Virginia, for possession of cocaine, possession of a firearm as a felon, and possession

of a firearm with a controlled substance. Brown claims that: (1) his third appellate counsel,

Vinceretta Chiles, provided ineffective assistance; (2) his rights to due process and equal

protection were violated when the circuit court dismissed his second state habeas petition as

successive; (3) he is actually innocent and his conviction was obtained through the false and

perjured testimony of the Commonwealth's chief witness; (4) there was prosecutorial misconduct

both in the Commonwealth's Attorney's knowing use of false and perjured testimony and in not

disclosing exculpatory evidence; and (5) his trial counsel, Horace F. Hunter, provided ineffective

assistance. The issues before the Court are: (1) whether the instant federal petition is timely as to

all three crimes; (2) whether Brown properly exhausted the claims raised in the instant federal

petition by presenting them to the Supreme Court of Virginia; (3) whether any of the instant

claims are procedurally defaulted; and (4) with respect to the timely, exhausted, and non-

defaulted claims, whether the result reached by the Supreme Court of Virginia was either

contrary to, or involved an unreasonable application of, clearly established federal law, or an

unreasonable determination of the facts.  The Court concludes that: (1) the instant federal petition

was timely filed with respect to Brown's challenges to his convictions for possession of a firearm

as a felon and possession of a firearm along with a controlled substance, but not for his

conviction for possession of cocaine; (2) it is barred from reviewing claim 3 because Brown

failed to exhaust that claim; (3) it is barred from reviewing claims 4 and 5 because they are

procedurally defaulted; and (4) claims 1 and 2 must be dismissed because the decision of the

Supreme Court of Virginia with respect to those claims was neither contrary to, nor based on an

unreasonable application of, clearly established federal law, nor was it based on an unreasonable

determination of the facts.

## I. Background

On November 29, 2000, Brown pled guilty in the Circuit Court for the City of Richmond,

Virginia to possession of cocaine and not guilty to possession of a firearm by a felon and

possession of a firearm while in possession of cocaine. Pet. 1.  Following a jury trial, he was

convicted of the two firearms charges. Id. at 1-2.  On March 29, 2001, Brown was sentenced to

five years imprisonment for each of the three charges, with the sentence imposed for possession

of cocaine to run concurrently with the other two. Id. at 1.  On April 30, 2001, Brown filed a

direct appeal of all three convictions to the Court of Appeals of Virginia, claiming that: (1) the

trial court erred in refusing to allow him to inform the potential jurors during voir dire that the

charged offenses had mandatory sentences; (2) the evidence was insufficient to prove that he

committed the charged offenses; and (3) the trial court erred in admitting evidence of

2

unadjudicated crimes of drug sales. Id. at 2.  On July 24, 2001, the Court of Appeals of Virginia

dismissed the appeal because the transcripts of the trial court proceedings were not timely filed.

Brown v. Commonwealth of Virginia, R. No. 1104-01-2, slip op. (Va. Ct. App. Jul. 24, 2001).

Based on the advice of Brown's trial counsel, Horace Hunter, who admitted that it was

his mistake that the Court of Appeals of Virginia never received the circuit court transcripts, see

Resp. Ex. B, letter dated June 17, 2001, Brown filed a petition for a writ of habeas corpus in the

Supreme Court of Virginia, claiming that he was denied his right to appeal as the result of

counsel's ineffectiveness in failing to file the appeal properly.  July 6, 2001 Pet. at 4.  On

November 30, 2001, the Supreme Court of Virginia granted Brown a writ of habeas corpus

"limited to the issue of the denial of his right to appeal, with leave granted [] to file a notice of

appeal and to apply to the Court of Appeals of Virginia for an appeal from the judgment rendered

on March 29, 2001 by the Circuit Court of the City of Richmond."  Brown v. Dir. of the Dep't of

Corr., R. No. 011531, slip. op. at 2 (Va. Nov. 30, 2001).  The Supreme Court of Virginia's

decision was rendered "without prejudice to [Brown's] right to file a subsequent petition for a

writ of habeas corpus limited to the ground or grounds assigned in the [then] present petition."

Id. at 1.

With new counsel, Brown filed a petition for appeal in the Court of Appeals of Virginia,

raising the same three claims raised in his initial direct appeal.  This appeal, however, only

challenged Brown's convictions for the firearms offenses.  On July 26, 2002, the Court of

Appeals of Virginia denied the petition for appeal.  Brown v. Commonwealth, R. No. 3489-01-2,

slip. op. at 1 (Va. Ct. App. Jul. 26, 2002).  However, on November 1, 2002, a three-judge panel

of that court granted the petition on the issue of whether the trial court committed reversible error

3

in allowing the government to present evidence that Brown sold drugs. <u>Brown v.</u>

<u>Commonwealth</u>, R. No. 3489-01-2, slip. op. at 1 (Va. Ct. App. Nov. 1, 2002).  The court denied

the petition for appeal as to Brown's claims concerning the sufficiency of the evidence and the

trial court's ruling with respect to the jury pool.  <u>Id.</u>  Then, on May 6, 2003, the Court of Appeals

of Virginia affirmed Brown's convictions for the gun crimes, holding that any error committed

by the trial court, in allowing the admission of Brown's prior sale of drugs, was harmless.  <u>Brown</u>

<u>v. Commonwealth</u>, R. No. 3489-01-2 (Va. Ct. App. May 6, 2003).  Brown appealed to the

Supreme Court of Virginia, which dismissed his appeal on August 26, 2003 for failure to comply

with Va. Sup. Ct. Rule 5:17(c).  <u>Brown v. Commonwealth</u>, R. No. 031280, slip op. (Va. Aug. 26,

2003).

       Then, on August 13, 2004, Brown filed a petition for a writ of habeas corpus in the

Circuit Court for the City of Richmond, Virginia, claiming that: (1) the trial court abused its

discretion and violated his rights; (2) trial counsel Horace Hunter rendered ineffective assistance

at trial; (3) appellate counsel William P. Irwin rendered ineffective assistance because he failed

to include the required assignments of error in the second petition for appeal, causing the

Supreme Court of Virginia to dismiss the appeal; (4) the Commonwealth failed to disclose

exculpatory evidence; and (5) the Court of Appeals of Virginia erred when it rendered its

decision "based on [an] evaluation of evidence that had been ruled inadmissible by the trial

court." Aug. 13, 2004 Pet. at 3-4.  On November 29, 2004, the circuit court determined that: (1)

Brown's "guilty plea-based conviction for possession of cocaine was not appealed" and that, as a

result, any habeas challenge to that conviction contained in the August 13, 2004 petition was

4

barred by Virginia Code § 8.01-654(A)(2); (2) Brown's claim regarding the ineffective assistance

of his appellate counsel was "valid" because "the dismissal of Brown's appeal by the Supreme

Court [of Virginia] in Record No. 031280 was not the fault of the petitioner;" (3) claim 5

regarding an alleged error by the Court of Appeals of Virginia was not cognizable in a petition

for a writ of habeas corpus; and (4) claims 1, 2, and 4, were barred from habeas review by the

Supreme Court of Virginia's November 30, 2001 order, which allowed Brown to file a

subsequent habeas petition limited to the grounds for relief assigned in the prior habeas petition.

Brown v. Johnson, CL04S01983-00, slip op. at 4-5. Then, by order dated December 14, 2004,

the Supreme Court of Virginia granted Brown leave to appeal the May 6, 2003 Order of the

Court of Appeals of Virginia. Brown v. Commonwealth, slip op. (Va. Dec. 14, 2004). Brown

filed his second direct appeal in the Supreme Court of Virginia on March 28, 2005. On August

16, 2005, the Supreme Court of Virginia refused Brown's petition for appeal. Brown v.

Commonwealth, R. No. 050667, slip op. (Va. Aug. 16, 2005).

On August 11, 2006, Brown filed his third petition for a writ of habeas corpus, this time

in the Supreme Court of Virginia, claiming that: (1) Vinceretta Chiles, counsel who represented

Brown in his delayed appeal to the Supreme Court of Virginia, rendered ineffective assistance;

(2) the circuit court erred in determining that his August 13, 2004 petition was his second

petition and refusing to consider it on that basis; (3) newly discovered evidence demonstrated

that the Commonwealth's chief witness offered false and perjured testimony at trial; (4) "the trial

was made unreliable from prosecutorial misconduct intertwined with multiple constitutional

violations ...;" and (5) trial counsel Horace Hunter rendered ineffective assistance. Aug. 11,

2006 Pet. at 5-6. On January 22, 2007, the Supreme Court of Virginia dismissed Brown's

petition. Brown v. Dir. of the Dep't of Corr., R. No. 061696, slip op. at 1 (Va. Jan. 22, 2007). In

its opinion, the Supreme Court of Virginia, like the circuit court, noted that "[t]o the extent any

of petitioner's claims [were] directed to his conviction for possession of cocaine, these claims are

barred by Virginia Code § 8.01-654(A)(2), as petitioner did not appeal this conviction, and these

claims were not brought within the time required by the statute." Id. at 2. As to claim 1, the

Supreme Court held that Brown failed to satisfy either the "performance" or the "prejudice"

prong of the two-part test outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984) for

ineffective assistance of counsel. Id. at 3. As to claim 2, the court rejected the claim to the

extent that it alleged ineffective assistance of counsel and held that it was not cognizable on

habeas corpus to the extent that petitioner alleged that the habeas trial court erred in its findings.

Id. at 4. As to claim 3, the court held that it was barred "because assertions of actual innocence

are outside the scope of habeas corpus review." Id. Finally, as to claims 4 and 5, the court held

that they were barred by Virginia Code § 8.01-654(B)(2) because Brown was aware of the facts

giving rise to these claims before he filed his first petition for a writ of habeas corpus, but did not

raise them. Id. at 4-5.

On April 23, 2007,[1] Brown filed the instant petition for a writ of habeas corpus, in which

he raises the same five claims that he raised in his habeas petition filed in the Supreme Court of

---

[1] For purposes of calculating the statute of limitations, a petition is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). In his petition, petitioner avers that he placed his petition in the prison mailing system on April 23, 2007. The Clerk received the petition on May 2, 2007 and placed it on the docket on May 4, 2007.

Virginia. On October 3, 2007 respondent filed a Rule 5 Answer and a Motion to Dismiss the

petition.[2] Brown was given the opportunity to file responsive materials, pursuant to <u>Roseboro v.</u>

<u>Garrison</u>, 528 F.2d 309 (4th Cir. 1975) and Local Civil Rule 7(K), and he has filed his response

along with a Motion for an Evidentiary Hearing. This matter is now ripe for disposition.

## II. Statute of Limitations

As explained in the Court's May 21, 2007 Order, a petition for a writ of habeas corpus

must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-

created impediment to filing a petition is removed; (3) the United States Supreme Court

recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have

been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). Brown pled guilty to

possession of cocaine on November 29, 2000 and was sentenced for this conviction on March 29,

2001. Pet. at 1. The delayed, direct appeal did not challenge this conviction. <u>See</u> Apr. 3, 2002

Pet. for App. Therefore, it became final on December 30, 2001,[3] the last date on which Brown

could have filed an appeal based on this conviction to the Court of Appeals of Virginia. In

calculating the one-year period, however, the Court must exclude the time during which state

collateral proceedings pursued by petitioner were pending. <u>See</u> 28 U.S.C. § 2254(d)(2). As

---

[2] Although the Court ordered that the records of Brown's criminal trial and state habeas proceedings be forwarded to the Clerk within 60 days of its August 20, 2007 Order, the Clerk did not receive the state court records from the Circuit Court for the City of Richmond until November 13, 2007. Records from the Court of Appeals of Virginia were not received until December 13, 2007, and records from the Supreme Court of Virginia were not received until December 18, 2007.

[3] This is thirty days after the Supreme Court of Virginia granted Brown leave to file a delayed appeal on any of his three convictions in its decision rendered on November 30, 2001. <u>Brown v. Dir.</u> <u>of the Dep't of Corr.</u>, R. No. 011531, slip op. (Va. Nov. 30, 2001).

respondent notes, Brown's state collateral proceedings were pending from August 13, 2004

through December 14, 2004 and from August 18, 2006 through January 22, 2007. Resp. Mtn. to

Dismiss 8. Even excluding this nine-month period, Brown's petition, to the extent that it

challenges his possession of cocaine conviction, was filed over four years beyond the one-year

limit. Thus, to the extent that any of Brown's claims are challenging his conviction for

possession of cocaine, those claims are barred by the statute of limitations and will not be

reviewed. Brown's challenges to the firearms convictions, however, were timely.

### III. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires

dismissal from federal court so that the petitioner may present his claims to the state courts. See

28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509

(1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement,

a state prisoner "must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process."

O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, the petitioner must present the same

factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct

appeal or in a state habeas corpus petition. See Duncan v. Henry, 513 U.S. 364 (1995);

Anderson v. Harless, 459 U.S. 4 (1982); Pitchess v. Davis, 421 U.S. 482 (1975); Picard v.

Connor, 404 U.S. 270 (1971). In reviewing federal challenges to state proceedings, "[s]tate

courts, like federal courts, are obliged to enforce federal law. Comity thus dictates that when a

prisoner alleges that his continued confinement for a state court conviction violates federal law,

the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.

Respondent concedes, and the Court agrees, that claims 1 and 2 of the instant federal petition are exhausted because Brown properly and fairly presented these claims to the Supreme Court of Virginia in his third petition for a writ of habeas corpus. Resp. Mtn. to Dismiss 6. As to claim 3, respondent contends that although it was raised to the Supreme Court of Virginia in Brown's third habeas petition, it was dismissed by that court for inappropriate treatment in habeas. Id. Respondent, who does not waive exhaustion, contends further that the instant claim 3 is unexhausted because, to the extent that it asserts a claim of actual innocence based on newly discovered evidence, Brown may still present this claim to Virginia courts in a petition for a writ of actual innocence. However, a petition for a writ of habeas corpus may be denied on the merits, not withstanding the petitioner's failure to exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(2). Because a claim of actual innocence is not a freestanding constitutional claim, but rather, is a "gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred constitutional claim considered on the merits, Spencer v. Murray, 5 F.3d 758, 764 (4th Cir. 1993) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)), the instant claim 3, though unexhausted, will be denied.

## IV. Procedural Default

Claims 4 and 5 are barred from federal habeas review  because they are procedurally defaulted.  A state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. §

9

2254(d)), provided two foundational requirements are met, Harris v. Reed, 489 U.S. 255, 262-63

(1989). First, the state court must explicitly rely on the procedural ground to deny petitioner

relief. Id. Second, the state procedural rule furnished to default petitioner's claim must be an

independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S.

411, 423-24 (1991). When these two requirements have been met, federal courts may not review

the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of

justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily

turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the

defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim.

See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092,

1104 (4th Cir. 1990); Muncy, 845 F.2d at 1241-42. Importantly, a court need not consider the

issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir.

1995), cert. denied, 517 U.S. 1171 (1996). In this case, the Supreme Court of Virginia dismissed

claims 4 and 5 as procedurally defaulted pursuant to Virginia Code § 8.01-654(B)(2) because

Brown had knowledge of the facts giving rise to these claims at the time that he filed a previous

petition. Brown v. Dir. of the Dep't of Corr., R. No. 061696, slip op. at 4-5 (Va. Jan. 22, 2007).

Additionally, the Fourth Circuit has held consistently that the procedural default rule set forth in

§ 8.01-654(B)(2) constitutes an adequate and independent state-law ground for decision. See

e.g., Pope v. Netherland, 113 F.3d 1364, 1372 (4th Cir. 1997); Gray v. Netherland, 99 F.3d 158,

163 (4th Cir. 1996). Thus, claims 4 and 5 of Brown's petition are procedurally defaulted, and

therefore barred from review by this Court, absent a showing of cause and prejudice or a

fundamental miscarriage of justice. See Harris, 489 U.S. at 260.

Brown argues that his procedural default of claims 4 and 5 should be excused because: (1) "the sole purpose of the first habeas corpus petition ... was merely to regain his appellate rights;" (2) his "court-appointed lawyer grossly mis-advised and mis-directed [him] with bad and wrongful legal advice in regards to the filing of the first habeas corpus petition causing the default and prejudice to [him];" and (3) new evidence exists, which casts doubt on some of the evidence presented at trial and suggests that Brown is actually innocent. July 31, 2007 Resp. at 2-3. For the reasons outlined below, the Court concludes that none of Brown's contentions are adequate to excuse his procedural default of claims 4 and 5.

The Court does not dispute that Brown's first petition for a writ of habeas corpus, filed on July 6, 2001, addressed the sole issue of trial counsel's ineffectiveness for failing to file Brown's appeal properly. In this argument, Brown relies on a 2005 amendment to the bar on successive petitions contained in Virginia Code § 8.01-654(B)(2). The 2005 amendment provides that "[t]he provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal ..." July 31, 2007 Resp. at 4; Va. Code § 8.01-654(B)(2). Brown claims that this amendment should excuse his procedural default of claims 4 and 5. Id. However, Brown's reliance on this amendment is misplaced because his first habeas petition was filed in 2001, and he cites no legal support for his claim that the amendment should apply retroactively. See Wiggins v. Va. Dep't of Corr., 190 Fed. Appx. 295, 296 fn.* (4th Cir. 2006) (holding that Virginia Code § 8.01-654(B)(2) does not provide for retroactive application, and noting that the

11

Supreme Court of Virginia has not held it applies retroactively).  Accordingly, Brown's

contention that the amendment to Virginia Code § 8.01-654(B)(2) should excuse his procedural

default is without merit.

Next, Brown claims that his procedural default should be excused because of the

ineffectiveness of his trial counsel, Horace F. Hunter.  See July 31, 2007 Resp. at 5.  Specifically,

Brown claims that "the lawyer clearly used the mis-advice [sic] to cause the procedural bar at no

fault of the petitioner."  Id.  Additionally, Brown claims that "[c]ounsel gave no other advice or

notice in regards to notice requirements of the rule or other failure consequences, and therefore,

the petitioner lacked any knowledge of the Virginia Code 8.01-654(B-2)."  Id. at 3.  Although it

is not entirely clear, it appears that Brown is claiming that counsel rendered ineffective assistance

in advising Brown about how to regain his right to appeal through the filing of a state habeas

petition by failing to notify him about the potential procedural bar he could face in a subsequent

habeas petition.  When attorney error amounts to constitutionally ineffective assistance of

counsel, it may provide the cause necessary to excuse a procedural default.  See Coleman v.

Thompson, 501 U.S. 722, 752-54 (1991); Murray v. Carrier, 477 U.S. 478, 488 (1986).

However, in order to constitute constitutionally ineffective assistance of counsel, a constitutional

right to effective assistance of counsel must first exist.  See Coleman, 501 U.S. at 752.  Because

Brown had no constitutional right to counsel for his first habeas petition, he had no constitutional

right to the effective assistance of counsel when filing his first habeas petition.  See Pennsylvania

v. Finley, 481 U.S. 551, 555 (1987).  Accordingly, Brown's claim that his trial counsel provided

"mis-advice to cause the procedural bar," does not constitute cause or prejudice and will

therefore not excuse Brown's procedural default of claims 4 and 5.  Webb v. Dir., Va. Dep't of Corr., No. 7:05cv654, 2006 U.S. Dist. LEXIS 604, at *9 (W.D.Va. Jan. 4, 2006) (citing Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997)).

Finally, in an effort to excuse his procedural default, Brown claims that newly discovered evidence casts doubt on some of the evidence presented at trial and demonstrates that Brown is actually innocent.  In order to demonstrate "actual innocence," which is the only miscarriage of justice recognized as sufficient to excuse procedural default, Brown must "offer 'new reliable evidence ... that was not presented at trial,'" and he "'must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"  Royal v. Taylor, 188 F.3d 239, 244 (4th Cir. 1999) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)).  Applying this principle, the Court concludes that Brown has failed to establish actual innocence to excuse his procedural default.  Brown claims that newly discovered evidence reveals that "the Commonwealth presented false testimony and evidence when they called" Carlton Brown ("Carlton"), Detective Clarence Key III, and Sergeant Edward Capriglione as witnesses. Pet., Part I at 21.  However, the only support Brown offers for this claim comes in the form of three affidavits from Carlton Brown, who is the petitioner's brother and was one of the Commonwealth's witnesses against him, in which Carlton recants some of the testimony he offered at Brown's trial. Pet., Part III at 17-26.  In those affidavits, Carlton states that he testified falsely against his brother when he testified at trial that the gun at issue belonged to petitioner.  Id. at 21.  Also, Carlton explains how he attempted to minimize the extent of his prior criminal record when he was testifying at trial in order to bolster his credibility.  Id. at 21-2.  Finally, in an

13

attempt to cast doubt on the probable cause the police relied on to search Brown's home, *Carlton*, nearly five years after Brown's trial, changed his recollection of the role he played in helping the police first become aware that his brother was in possession of drugs and guns in their home. Id. at 19. These affidavits from Carlton, however, are insufficient to establish that Brown is actually innocent for a few reasons. First, Carlton is an eleven-time convicted felon who received a deal from the government in return for his testimony; his credibility was an issue that was both raised and developed during cross-examination at Brown's trial. See Tr. 110-113. Accordingly, the jury was made aware that Carlton's testimony may not have been reliable. Moreover, given Carlton's current admission that he lied while under oath during the trial, the Court is not convinced that his affidavits are truthful. Finally, even without Carlton's testimony, a jury still could have convicted Brown based on the evidence presented at trial. Specifically, the Commonwealth presented evidence that Brown had a hand-written description of the gun at issue in his room along with an ammunition clip that perfectly matched the ammunition clip in the gun. See Tr. 70-76. Because the Court concludes that Brown has neither offered new, reliable evidence nor shown that it is more likely than not that no reasonable juror would have convicted him in light of that evidence, Brown fails to establish actual innocence to excuse his procedural default. See Schlup v. Delo, 513 U.S. at 327; Royal v. Taylor, 188 F.3d at 244.

Claims 4 and 5 of Brown's petition must be dismissed as procedurally defaulted because the Supreme Court of Virginia dismissed them pursuant to Virginia Code § 8.01-654(B)(2). The Fourth Circuit has held consistently that the procedural default rule set forth in § 8.01-654(B)(2) constitutes an adequate and independent state-law ground for denying relief and Brown has failed

14

to demonstrate cause and prejudice or a fundamental miscarriage of justice to excuse the *default*. See Brown, R. No. 061696 at 4-5; Pope, 113 F.3d at 1372; Gray, 99 F.3d at 163; Harris, 489 U.S. at 260.

## V.  Merits

### A.    Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Moreover, in evaluating whether a state court's determination of the facts is unreasonable, a federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by

15

clear and convincing evidence.'" <u>Miller-El v. Dretke</u>, 545 U.S. 231, 240 (2005) (quoting 28

U.S.C. 2254(e)(1)); <u>see, e.g.</u>, <u>Lenz v. Washington</u>, 444 F.3d 295, 300-01 (4th Cir. 2006).

**B.      Analysis**

    1.      <u>Ineffective Assistance of Counsel</u>

    In claim 1, Brown contends that his third appellate counsel, Vinceretta Chiles, rendered

ineffective assistance of counsel when she represented Brown in his delayed, direct appeal to the

Supreme Court of Virginia.  To succeed on his ineffective assistance of counsel claim, Brown

must show that the Supreme Court of Virginia's adjudication was contrary to, or an unreasonable

application of the Supreme Court's decision in <u>Strickland v.Washington</u>, or was based on an

unreasonable determination of the facts. 466 U.S. 668 (1984); <u>see</u> 28 U.S.C. § 2254(d).  To

establish ineffective assistance of counsel, Brown must show that (1) "in light of all the

circumstances, the identified acts or omissions [of counsel] were outside the range of

professionally competent assistance," <u>Strickland</u>, 466 U.S. at 690 (defining ineffective assistance

of counsel as falling below an objective standard of reasonableness and applying a strong

presumption of competence and deference to attorney judgment), and (2) "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." <u>Id.</u> at 694.  The two prongs of the <u>Strickland</u> test are "separate and distinct

elements of an ineffective assistance claim" and a successful petition "must show both deficient

performance and prejudice." <u>Spencer v. Murray</u>, 18 F.3d 229, 232-33 (4th Cir. 1994).

Moreover, a court does not need to review the reasonableness of counsel's performance if

petitioner fails to show prejudice. <u>Quesinberry v. Taylor</u>, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the first prong of the <u>Strickland</u> test, "[j]udicial scrutiny of counsel's performance must be highly deferential," <u>Strickland</u>, 466 U.S. at 689, and a court must "presume that challenged acts are likely the result of sound trial strategy." <u>Spencer</u>, 18 F.3d at 233. With respect to the second prong of the <u>Strickland</u> test, "a reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694. In order to undermine confidence in the case outcome, petitioner must show more than a remote possibility that the results of the trial would have been different. <u>Washington v. Murray</u>, 4 F.3d 1285, 1290 (4th Cir. 1993).

Brown contends that counsel was ineffective for failing to "consult, prepare, investigate or adequately advocate with colorable newly discovered evidence." Pet. 5. Brown was particularly bothered by counsel's failure to consult with him until three days before the hearing and her failure to investigate and raise the "newly discovered evidence" Brown brought to her attention. Pet., Part I at 4-8. He claims further that counsel failed to notify him promptly of the Supreme Court of Virginia's decision. <u>Id.</u> at 10. The Supreme Court of Virginia rejected Brown's ineffective assistance of counsel claim on the merits, holding that it failed to meet either prong of the <u>Strickland</u> test. <u>Brown</u>, R. No. 061696, slip op. at 3. Relying on the Supreme Court's holding in <u>Jones v. Barnes</u>, 463 U.S. 745, 751-52 (1983), the Supreme Court of Virginia found that "the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." <u>Brown</u>, R. No. 061696 at 3. Also, the Supreme Court of Virginia found that although Brown complained that he was not promptly informed that his appeal was refused by that court, he failed "to articulate the existence

17

of a viable basis upon which rehearing may have been granted." Id. Accordingly, the Supreme

Court of Virginia concluded that Brown "failed to demonstrate that counsel's performance was

deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result

of the proceeding would have been different." Id.

Likewise, in the instant federal petition, Brown has failed to satisfy both prongs of the

Strickland two-part test for each of the allegations raised in claim 1. Brown fails to show how

counsel failed to render "professionally competent assistance," Strickland, 466 U.S. at 690, by

waiting to meet with him until three days before his delayed appeal was heard by the Supreme

Court of Virginia, by allegedly failing to investigate the "newly discovered evidence," or by

failing to raise the issue of the "new evidence" in the appeal. Additionally, Brown fails to

demonstrate how the Supreme Court of Virginia's decision would have been different had his

attorney met with him earlier or raised the "new evidence" as an issue. As such, Brown has

failed to satisfy both prongs of the Strickland inquiry for the allegations raised in claim 1.

Accordingly, the state court's dismissal of claim 1 was neither contrary to, nor an unreasonable

application of, clearly established federal law, nor based on an unreasonable determination of the

facts. As such, it must be dismissed.

2.     Dismissal of Brown's Second Petition as Successive

In claim 2, Brown claims that his second petition for a writ of habeas corpus should not

have been dismissed as successive as a result of Virginia Code § 8.01-654(B)(2).[4] See Pet.6-7;

---

[4] The Court notes that only some of Brown's claims in this second petition were dismissed
pursuant to Virginia Code § 8.01-654(B)(2), and this is the petition that allowed Brown to regain his
right to file a direct appeal to the Supreme Court of Virginia. See Brown v. Johnson, CL04S01983-

18

Pet., Part I at 17. Additionally, Brown claims that his trial counsel was ineffective in the guidance he provided Brown with respect to filing his first petition for a writ of habeas corpus. Pet. Part I at 18. The Supreme Court of Virginia noted that to the extent that this claim "alleges the ineffective assistance of counsel, the Court rejects this claim because there is no constitutional right to counsel in seeking habeas relief. Howard v. Warden, 232 Va. 16, 19, 348 S.E.2d 2311, 213 (1986)." Brown, R. No. 061696 at 4. Additionally, that court held that this claim "is not cognizable in a petition for writ of habeas corpus, as a petition for writ of habeas corpus may not substitute for appeal or writ of error. Brooks v. Peyton, 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969)." Because the Supreme Court of Virginia's decision with respect to claim 2 was neither contrary to or an unreasonable application of clearly established federal law nor an unreasonable determination of the facts, this claim must be dismissed.

Additionally, while the Supreme Court of Virginia does not explicitly discuss Brown's argument with respect to Virginia Code § 8.01-654(B)(2), Brown's argument lacks merit and would provide no basis for relief. As discussed in Section IV of this opinion, Brown claims that he should have been able to take advantage of a 2005 amendment to Virginia Code § 8.01-654(B)(2), which would have allowed him to file a second petition for a writ of habeas corpus because the sole purpose of his first petition was to regain his right to file a direct appeal. Pet. Part I at 17. However, the amendment to Virginia Code § 8.01-654(B)(2) does not apply to Brown because he filed the habeas petition concerning his appeal in 2001, and he cites no legal support for his claim that the amendment should apply retroactively. See Wiggins v. Va. Dep't

_____

00; Resp. Exh. I.

19

of Corr., 190 Fed. Appx. 295, 296 fn.* (4th Cir. 2006) (finding that § 8.01-654(B)(2) does not

provide that it applies retroactively, nor has the state supreme court ruled this it applies

retroactively). Accordingly, even if the Supreme Court of Virginia were to have addressed the

merits of claim 2, Brown would not be entitled to habeas relief for this claim.

## VI. Conclusion

Claim 3 of Brown's petition is barred from federal habeas review because it was not

properly exhausted and claims 4 and 5 are barred as procedurally defaulted. Claims 1 and 2 must

be dismissed because Brown has not established that the decisions of the Supreme Court of

Virginia with respect to these claims were either contrary to or an unreasonable application of

clearly established federal law or an unreasonable determination of the facts. Therefore,

respondent's Motion to Dismiss is granted and this petition will be dismissed. Also, Brown's

Motion for an Evidentiary Hearing will be denied as moot. An appropriate Order shall issue.

Entered this _____ day of _____ 2008.

/s/
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia

20